**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ONYEKACHUKWU NGOZI ENUNWE,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   13-73675

Agency No. A096-514-425

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2016
Pasadena, California

Before:  REINHARDT and PAEZ, Circuit Judges, and FRIEDMAN,[**] District Judge.

Onyekachukwu Ngozi Enunwe, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. Enunwe first entered the United States in 2004 on a

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

student visa. Today, she is the mother of a four-year-old child with severe disabilities, has attended community college, and has no criminal record. We have jurisdiction over the denial of her motion to reopen pursuant to 8 U.S.C. § 1252, and we review such a denial for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).

Ordinarily, a petitioner must file a motion to reopen within ninety days of a final administrative decision, and may file only one such motion. 8 C.F.R. § 1003.2(c)(2). These time and numerical limitations do not apply, however, if the motion is filed for the purpose of seeking asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered. " 8 C.F.R. § 1003.2(c)(3)(ii). In order to meet the changed country conditions exception, a petitioner must present material evidence that could not have been discovered or submitted at the time of the previous hearing. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

In 2013, Enunwe filed a motion to reopen her removal proceedings in order to apply for asylum, withholding of removal, and relief under the Convention Against Torture. Enunwe, who is a Christian, sought such relief on the basis of significantly increased persecution of Christians in Nigeria. We conclude that although Enunwe was first ordered removed *in absentia* in 2010, and this is her

2

second motion to reopen, she has provided sufficient evidence to meet the changed country conditions exception to the numerosity and timeliness bars.

Along with her motion and applications for relief, Enunwe provided evidence that, since her prior hearing, there has been a significant escalation in violence against Christians in Nigeria. Enunwe submitted articles showing that extremist groups such as Boko Haram have now spread to the south of the country, where she resided, and that the number of attacks has increased in recent years. As we have previously recognized, such an escalation in violence is a material change in country conditions. *See Salim*, 831 F.3d at 1138. In addition to the evidence of worsening conditions for Christians generally, Enunwe also submitted evidence showing a change in the level of religious persecution with respect to her immediate family. Enunwe submitted a declaration stating that in 2013, her family told her that they had been repeatedly threatened on account of their Christian faith, and that their home had been vandalized. We have previously held that the persecution of a petitioner's family is material, newly discovered evidence supporting a claim of changed country conditions and a prima facie case for relief. *Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004).

Because Enunwe has submitted evidence showing a material escalation in violence against Christians in the time since her prior hearing, we conclude that the

3

BIA abused its discretion when it denied Enunwe's motion to reopen. In light of the worsening country conditions and the threats against her family, Enunwe also provided sufficient evidence of changed circumstances in Nigeria such that she now has a "reasonable likelihood" of demonstrating a prima facie case for asylum. *See id*. at 947. Accordingly, we grant the petition and remand to the BIA with instructions to reopen.

**PETITION GRANTED**